IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMIKO LARNELL NELSON                                                    PLAINTIFF

vs.                                    Civil No. 4:13-cv-04071

CAROLYN COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Tamkio Larnell Nelson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to

this authority, the Court issues this memorandum opinion and orders the entry of a final judgment

in this matter.

1. **Background:**

Plaintiff's applications for DIB and SSI were filed on July 22, 2011.  (Tr. 42).  Plaintiff

alleged she was disabled due to pain in lower back, numbness in both feet, obesity, anxiety, bi-polar

and depression.  (Tr. 181).  Plaintiff alleged an onset date of July1, 2011.  (Tr. 42).   These

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

applications were denied initially and again upon reconsideration. (Tr. 80-83). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 99).

Plaintiff's administrative hearing was held on June 6, 2012. (Tr. 60-79). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Tammie Donaldson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 62-63).

On June 20, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 42-55). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 44, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2011, her alleged onset date. (Tr. 44, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of obesity, lumbar degenerative disc disease, depressive disorder, and anxiety disorder. (Tr. 44, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 48, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 49-53). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work except should avoid climbing, using ladders, ropes or scaffolds,

2

and crawling; can occasionally balance, stoop, bend, squat, kneel, and crouch; must avoid hazards, moving machines and vibration; has the ability to understand, carry out and remember detailed tasks and instructions; and should be limited to occasional public contact, and occasional co-worker or supervisory interaction.  (Tr. 49, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 53-54, Finding 7).  The ALJ found Plaintiff unable to perform her PRW as a certified nurse aid and housekeeper.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 54-55, Finding 11).  The VE testified at the administrative hearing regarding this issue.  (Tr. 76-79).  Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a final assembler with 500 such jobs in  Arkansas and 27,000 such jobs in the nation, document preparer with 1,000 such jobs in Arkansas and 96,000 such jobs in the nation, and lens inserter with 1,000 such jobs in Arkansas and 30,000 such jobs in the nation.  (Tr. 55).  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 1, 2011 through the date of his decision.  (Tr. 55, Finding 12).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 28).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On July 29, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 30, 2013.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10, 12.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in failing to present a proper hypothetical to the VE. ECF No. 10, Pgs. 10-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

**<u>A. Listings</u>**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included obesity, lumbar degenerative disc disease, depressive disorder, and anxiety disorder. (Tr. 44, Finding 3). However,

5

there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02(a) for major dysfunction of a joint and Listing 1.04 for disorders of the spine based on a claim she has an inability to ambulate effectively. ECF No. 10, Pgs. 10-17. Defendant argues Plaintiff has failed to establish she meets theses Listings. ECF No. 12, Pgs. 5-8.

Impairments found under Listing 1.02(A) for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A).

A listing under 1.04(C) for disorders of the spine, requires evidence of:

> disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Plaintiff indicated she does use a cane to help avoid mis-stepping, however she is also able to walk for half a city block. (Tr. 72). Further, there is no indication that even this single cane was prescribed by a physician.

Additionally, Listing 1.04 requires medical evidence of nerve root compression, sensory or reflex loss, and a positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff has failed to provide medical evidence that documents the criteria for the listed impairment are met.

On August 16, 2011, Plaintiff was seen by Dr. Brian Oge. (Tr. 369-374). Dr. Oge indicated

7

Plaintiff was not taking any form of prescription medication, but used Tylenol or alcohol for occasional headaches.  (Tr. 369, 370).  Dr. Oge's examination was negative for neurological impairment. (Tr. 370).  The range of motion in Plaintiff's upper extremities was normal; her left hip was mildly limited; the right knees showed signs of crepitus; and her lumbar spine was mildly restricted on flexion. (Tr. 371-372).  Plaintiff's straight-leg raising test was negative.  (Tr. 372).

On April 27, 2012, Plaintiff underwent a physical examination by Dr. Jeffory Thomas.  (Tr. 396-397).  An x-ray examination of Plaintiff's lumbar spine showed mild degenerative disc disease in Plaintiff's low back and a magnetic resonance imaging (MRI) of the lumbar spine showed evidence of a small disc protrusion at L4-5, with no evidence of spinal stenosis.  (Tr. 397-398).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work except should avoid climbing, using ladders, ropes or scaffolds, and crawling; can occasionally balance, stoop, bend, squat, kneel, and crouch; must avoid hazards, moving machines and vibration; has the ability to understand, carry out and remember detailed tasks and instructions; and should be limited to occasional public contact, and occasional co-worker or supervisory interaction. (Tr. 49, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 10, Pgs. 7-11. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff argues the RFC determination made by the ALJ is in error due to her obesity. ECF No. 10, Pg. 7-11. Plaintiff is 5' 6" tall and weighs 380 pounds. (Tr. 53). To begin with, contrary to Plaintiff's argument, the ALJ went into significant detail in assessing Plaintiff's obesity and he concluded the most serious limitations imposed on Plaintiff by obesity did not prevent her from performing a restricted range of sedentary level work. (Tr. 53). Additionally, medical evidence shows despite Plaintiff's obesity she had a steady walking gait; lungs were clear; heart had a regular rate and rhythm, with no murmurs, gallops or rubs; back was free of focal point tenderness and muscle spasm; and her right knee had a normal range of motion, and showed no evidence of deformity or palpable effusion. (Tr. 369-384, 396-397). Further, neither Dr. Oge nor Dr. Thomas indicated there were any functional restrictions on Plaintiff.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing a limited range of sedentary work. Plaintiff

9

has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Questioning of VE

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy.  *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004).  The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE.  *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation.  *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003).  If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE.  *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ  heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy.  It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision.  *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992).  It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually

10

finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform sedentary work except should avoid climbing, using ladders, ropes or scaffolds, and crawling; can occasionally balance, stoop, bend, squat, kneel, and crouch; must avoid hazards, moving machines and vibration; has the ability to understand, carry out and remember detailed tasks and instructions; and should be limited to occasional public contact, and occasional co-worker or supervisory interaction. (Tr. 49, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 76-77). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 54-55, Finding 11). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 55). Plaintiff argues that because the ALJ's hypothetical question was based upon the RFC finding, the hypothetical question was defective and unsupported by the evidence because it did not contain all of her limitations. ECF No. 10, Pg. 18-19.

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **25th day of July 2014.**

 

 

                          /s/   Barry A. Bryant      

                          HON. BARRY A. BRYANT

                          U. S. MAGISTRATE JUDGE